**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JULIUS BRADFORD,<br><br>　　Plaintiff<br><br>v.<br><br>STEVE SISOLAK, et al.,<br><br>　　Defendants | Case No.: 2:20-cv-00871-APG-BNW<br><br>**Order Denying Motion for Preliminary Injunction**<br><br>[ECF Nos. 4, 23, 24] |

　　Plaintiff Julius Bradford moves to enjoin the defendants from citing to or enforcing section 9 of Senate Bill No. 2 (1957) and 1957 Statues of Nevada, Chapter 2. ECF Nos. 4.  To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

　　I deny Bradford's motion because he has not shown a likelihood of success on the merits. The Nevada Court of Appeals rejected Bradford's argument when it resolved his postconviction habeas petition in state court. *Bradford v. Williams*, No. 79635-COA, 463 P.3d 482, 2020 WL 2781653, at *2 (Nev. App. 2020).  As that court explained:

> Bradford also claimed he was actually innocent because the defect in the 1957 Nevada Revised Statutes (NRS) meant that his actions did not constitute a crime. Bradford observed that S.B. 2, enacted in 1957, provided that the NRS, which it created, were "attached hereto," *see* 1957 Nev. Stat., ch. 2, § 9, at 4, that the statutes pursuant to which he was convicted were not attached in the Statutes of Nevada, and therefore the acts those statutes purportedly criminalized were not

criminal acts. Bradford's argument was fundamentally flawed because § 8 of that same act mandated that, despite the language in § 9, "[t]he provisions of NRS 1.010 to 710.590, inclusive, appearing following section 9 of this act shall not be printed or included in the Statutes of Nevada . . . ." Bradford thus failed to demonstrate any fundamental miscarriage of justice to overcome these procedural bars.

*Id.* Moreover, Bradford has not shown that he will suffer irreparable injury if the defendants are allowed to make legal arguments or enforce the law. Nor has he shown the balance of hardships tips in his favor or that it serves the public interest to enjoin the defendants from presenting legal arguments to the courts, particularly ones that are consistent with the Nevada Court of Appeals' decision that the law under which he was convicted is valid.

I THEREFORE ORDER that plaintiff Julius Bradford's motions for preliminary injunction **(ECF No. 4)**, for order to show cause **(ECF No. 23)**, and for temporary restraining order **(ECF No. 24) are DENIED**.

DATED this 5th day of February, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE