**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Julius Bradford,<br><br>               Plaintiff,<br><br>v.<br><br>Steve Sisolak, *et al.*,<br><br>               Defendants. | Case No. 2:20-cv-00871-ART-BNW<br><br>**SCREENING ORDER and REPORT AND RECOMMENDATION re ECF No. 56** |

Before the Court is *pro se* Plaintiff Julius Bradford's Second Amended Complaint. ECF No. 56. Although Plaintiff's filing is titled "Motion to File an Amended Complaint," the Court construes it as an amended complaint subject to screening under 28 U.S.C. § 1915A(a). This is because Plaintiff is an incarcerated individual seeking redress from a governmental entity. 28 U.S.C. § 1915A(a).

As a procedural matter, the Court previously screened Plaintiff's First Amended Complaint and dismissed it without prejudice and with leave to amend.[1] ECF No. 38. Following several requests to extend the due date for filing the amended complaint, the Court ordered Plaintiff to file his Second Amended Complaint by June 24, 2022. ECF No. 55. But Plaintiff filed it on July 5, 2022. ECF No. 56. Plaintiff attributes the delay to external factors: He submitted the amended complaint for electronic filing on June 24, 2022, but it was returned to him from the prison law library on June 28, 2022 in its original condition and with no indication as to whether it was filed. ECF No. 57. In light of this explanation, the Court finds good cause and excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) to extend the deadline for filing the Second Amended Complaint.

For the reasons discussed below, the Court orders that Plaintiff's claim regarding his (in)ability to challenge NRS 193.190, 193.200, and 195.020 be dismissed without prejudice. But

---

[1] Plaintiff filed his First Amended Complaint before the Court could screen his original complaint. *See* ECF No. 15.

it recommends that Plaintiff's remaining claims be dismissed with prejudice because amendment would be futile.

I.  **Legal Standard**

A court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Fed. R. Civ. P. 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But, unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678) (explaining that courts liberally construe *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

//

## II.  Discussion

In his proposed Second Amended Complaint ("SAC"), Plaintiff seeks to sue former Governor Steve Sisolak, Attorney General Aaron Ford, and Director of the Legislative Counsel Bureau Brenda Erdoes in their individual and official capacities. He also seeks to sue Former Director of the Legislative Counsel Bureau Rick Combs in his individual capacity and District Attorney Steve Wolfson in his official capacity as well as Clark County and the Clark County Board of Commissioners.

Plaintiff alleges that the Directors of the Legislative Counsel Bureau "have included hundreds of sections in the NRS Code whose terms and provisions are not reflected in any law published in the official Statutes of Nevada" despite being on notice that doing so is improper. ECF No. 56-1 at 4. He also alleges that he unsuccessfully moved in state court to have a particular NRS provision—NRS 200.020—declared invalid because it was not contained in the Statutes of Nevada. *Id*. at 5–7. Plaintiff's concern (and alleged injury) is that Defendant Wolfson is prosecuting him for a crime that is identified in the NRS but not in the Statutes of Nevada. *Id*. at 7–8.

Further, Plaintiff explains that he filed three tort claims in August 2019 against the State of Nevada, and each was discarded or suppressed by several Defendants. ECF No. 56-1 at 4–5, 18. The first two claims, which each sought $100,000 in damages, contested the lawfulness of the NRS either because it was improperly copied or included sections that were not originally in the Statutes of Nevada. *Id*. at 5. The third, also seeking the same monetary relief, alleged that the Nevada Secretary of State failed to keep "all official acts of the Nevada legislature" in violation of the state's constitution. *Id*. As a result of this failure, Plaintiff was unable to obtain his requested "certified copies of enrolled acts of the Nevada legislature[.]" *Id*.

In short, the essence of Plaintiff's amended complaint is his desire to invalidate certain (if not all) provisions of the Nevada Revised Statutes, which he considers were improperly codified because they lack basis in the Statutes of Nevada. *Id*. at 3, 39. He seeks monetary damages, injunctive relief, and declaratory judgment. *Id*. at 3–4; 43–46.

3

**A. Claim I: Access to the Courts and Due Process[2]**

Plaintiff alleges that he was denied access to the courts and due process when the state court denied his motion to invalidate NRS 200.020 without comparing the provision "against any law found in the official Statutes of Nevada." ECF No. 56-1 at 6–10. He further asserts that he likely would have prevailed on his motion but for Defendant Wolfson's bad-faith opposition. *Id*. at 10, 22. But based on the allegations set forth in the SAC, Plaintiff has not shown that he has—or could—state a plausible procedural or substantive due process claim or a claim of denial of access to the courts.

There are two kinds of due process claims: procedural and substantive. "To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citation omitted) (brackets in original). At its core, procedural due process requires notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

"The guarantee of substantive due process provides heightened protection against government interference with certain fundamental rights and liberty interests." *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010) (internal quotation marks and citation omitted). "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks*, 540 F.3d at 1087 (citing *Action Apt. Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007)).

Here, regardless of whether Plaintiff intended to assert a procedural or a substantive due process claim,[3] he must allege the deprivation of a constitutionally protected property or liberty interest. The Court understands that Plaintiff bases his due process claim on denial of access to the courts because the state court denied Plaintiff's motion to invalidate NRS 200.020 without

---

[2] The Court uses its own numbering system to refer to Plaintiff's claims because he sometimes repeats the claims and includes more than one claim under each count.

[3] The Court recognizes that Plaintiff is asserting both procedural and substantive due process claims. ECF No. 56-1 at 6–10, 22.

4

comparing the provision against the Statutes of Nevada (as would be required, according to Plaintiff, under NV ST 220.170(3)).[4] ECF No. 56-1 at 8–9. In turn, Plaintiff alleges this rendered the procedure to rebut the validity of a NRS provision under NV ST 220.170(3) meaningless. *Id*. at 9.

Although "'[t]he right of access to the courts is a fundamental right protected by the Constitution,'" Plaintiff's theory cannot be the basis for a claim of denial of access to the courts. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)). This is because, as he alleges, he had the opportunity to both file a motion and attend a hearing. ECF No. 56-1 at 8–9 ("At the February 5, 2020 hearing of [my November 27, 2019] motion . . . ."); *Christopher v. Harbury*, 536 U.S. 403, 414–16 (2002); *see also Ringgold-Lockhart*, 761 F.3d at 1063 (due process satisfied when a party was provided an opportunity to file an opposing brief and an in-person hearing to argue its position).

Further, Plaintiff has not stated a claim that his substantive due process rights were violated by either the state court's denial of his motion or Defendant Wolfson's opposition. ECF No. 56-1 at 7, 22–23. First, the Court finds that Plaintiff cannot assert a substantive due process claim when the basis for that claim is a denial of an access to the courts claim. *See Peterson v. Miranda*, No. 2:11-CV-01919-LRH, 2015 WL 1471506, at *3 (D. Nev. Mar. 31, 2015). Second, to the extent Plaintiff asserts he has a fundamental right that a prosecutor not use a law "as flagrant and blatantly vague and unconstitutional as Section 9 of the [Statutes of Nevada]" to disadvantage him as a *pro se* defendant in a capital case, his substantive due process claim also fails. *Id*. at 23; *see Raich v. Gonzales*, 500 F.3d 850, 863 (9th Cir. 2007) (explaining that Supreme Court precedent "instructs courts to adopt a narrow definition of the interest at stake"). This is because he has not alleged that

---

[4] NV ST 220.170(3) provides
> Copies of Nevada Revised Statutes, as printed, published, revised, supplemented and certified in accordance with this chapter, constitute the official codified version of Statutes of Nevada and may be cited as prima facie evidence of the law in all of the courts of this state. Except as otherwise provided in this subsection, that evidence may be rebutted by proof that the statutes cited differ from the official Statutes of Nevada. That evidence may not be rebutted by proof that the statutes differ from the official Statutes of Nevada in a manner authorized pursuant to NRS 220.120.

5

the asserted right is "deeply rooted in this nation's history and tradition" and "implicit in the concept of ordered liberty."[5] *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997); *see also Ace Black Ranches, LLP v. United States Env't Prot. Agency*, 583 F. Supp. 3d 1313, 1329 (D. Idaho 2022) ("Those rights are few, and include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to abortion, and to refuse unwanted lifesaving medical treatment.").

Accordingly, the Court recommends that Claim I be dismissed with prejudice because amendment would be futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### B. Claim II: Municipal Liability

Plaintiff next alleges that Clark County and the Clark County Board of Commissioners know that certain NRS provisions and terms are invalid, yet the entities, through custom or policy, improperly instruct county officers and employees to use the NRS and Section 9 of the Statutes of Nevada to oppose challenges to the NRS' validity. ECF No. 56-1 at 10. As an example, he cites to Defendant Wolfson's opposition to Plaintiff's state court motion seeking to invalidate NRS provision 2020.020, which the Court discussed above. *Id*. According to Plaintiff, the entities' actions resulted in the deprivation of due process in the state court proceeding relating to his motion seeking to invalidate NRS 2020.020. *Id*. at 11.

Here, because Plaintiff has not stated a claim giving rise to a constitutional violation, there can be no municipal liability. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights. Here, the municipal defendants cannot be held liable because no constitutional violation occurred.").

---

[5] The Court notes that the Court of Appeals of Nevada found that Plaintiff's argument regarding the validity of Section 9 "was fundamentally flawed because § 8 of that same act mandated that, despite the language in § 9, '[t]he provisions of NRS 1.010 to 710.590, inclusive, appearing following section 9 of this act shall not be printed or included in the Statutes of Nevada . . . .'" *Bradford v. Williams*, 463 P.3d 482 (Nev. App. 2020).

Accordingly, the Court recommends that Claim II be dismissed with prejudice because amendment would be futile. *See Hartmann,* 707 F.3d at 1130.

### C. Claim III: Ability to Challenge NRS 193.190, 193.200, and 195.020

Plaintiff alleges that he has been precluded from challenging the validity of other NRS provisions—NRS 193.190, 193.200, and 195.020—because of the alleged actions by Defendants Ford, Sisolak, Wolfson, Clark County, and the Clark County Board of Commissioners. ECF No. 56-1 at 11–12, 26. He explains that any challenge he makes regarding these NRS provisions will likely frustrate the state court because the prosecution will (again) cite to Section 9 of the Statutes of Nevada and, as a result, the court will perceive the challenge as an issue that has already been litigated and decided. *Id*. at 12. He thus seeks injunctive relief preventing the previously mentioned Defendants from asserting Section 9 in Plaintiff's future challenges to NRS 193.190, 193.200, and 195.020.[6] *Id*. at 13.

Although Plaintiff has not specified a particular legal theory, it appears to this Court that he is arguing an unconstitutional chilling effect and denial of access to the courts. The Court is sympathetic to Plaintiff's concerns. But it finds his alleged unconstitutional disincentive to speech and court access to be too speculative under the facts currently alleged. It also finds that this issue may not be ripe for consideration. This is because Plaintiff alleges that despite his fear of frustrating the trial court, he plans to nonetheless challenge NRS 195.020 before his two state court cases proceed to trial. *Id*. at 12.

But the Court cannot say that it would necessarily be futile to allow Plaintiff to amend this claim. *Williams v. Allen*, No. CV 05-1652-PHX-PGR, 2006 WL 3499924, at *2 (D. Ariz. Dec. 5, 2006) (citing *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000)) ("Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint."). The Court, however, cautions Plaintiff that a third amended complaint must allege with specificity what legal theory he is moving under and each Defendant's role.

---

[6] A claim for prospective injunctive relief against a state official in their official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 92 (1989).

Additionally, it advises Plaintiff that to the extent he is seeking this Court to declare Section 9 of the Statutes of Nevada invalid, the Court cannot do so. *See* ECF No. 56-1 at 25–27, 38. This is because this would be tantamount to an appeal of the state court's decision that found Plaintiff's argument regarding Section 9 of the Statutes of Nevada and the defects of an NRS provision "flawed." *Bradford v. Williams*, 463 P.3d 482 (Nev. App. 2020). Federal district courts do not have jurisdiction over cases in which plaintiffs complain of injuries caused by state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (holding that the *Rooker-Feldman* doctrine bars federal district courts from exercising jurisdiction over direct appeals from state court judgments or the "de facto equivalent" of such an appeal).

### D. Claim IV: Right to Petition the Government for Redress and Due Process

Plaintiff next alleges that Defendants Rick Combs, Brenda Erdoes, Aaron Ford, and Steve Sisolak "discarded" the tort claim he filed in 2019 where he asserted that the NRS contains provisions of law not found in the Statutes of Nevada. ECF No. 56-1 at 18. According to Plaintiff, Defendants' decision not to correct these deficiencies despite being on notice of them "misleads the public" and deprives him and the public of "proper notice." *Id*. at 14–15. This alleged lack of notice further renders the rebuttal procedure created by NRS 220.170(3) "unavailable" or "meaningless." *Id*. at 15. Additionally, Plaintiff alleges that Defendant Ford failed to include his three claims in the annual report required under NRS 41.0385. *Id*. at 19. In short, Plaintiff alleges Defendants' actions have deprived him of his right to petition the government for redress and due process of law. *Id*. at 13, 19–20.

Nevada law provides a mechanism to assert claims against the state with the Attorney General. NRS 41.036. And the Attorney General is required to investigate certain claims and submit findings to the State Board of Examiners. NRS 41.036(5). But a claim "must be . . . [s]ubmitted in the original to the office of the ex officio clerk of the State Board of Examiners at the Blasdel Building, Capitol Complex, Carson City, Nevada 89701." NAC 41.100(3)(c).

1   Here, although Plaintiff submitted three claims, which he attached as exhibits to this motion, he did not submit them to the ex officio clerk of the State Board of Examiners. *See* ECF No. 56-1 at 20, 52, 58, and 63; *see also* NRS 353.033 ("the Director of the Office of Finance is ex officio Clerk of the State Board of Examiners."). Rather, he submitted them to Attorney General Aaron Ford, the Director of the Legislative Counsel Bureau, and former Nevada Secretary of State Barbara Cegavske. *See id.* at 52, 58, and 63.

Thus, because the tort claims were not properly submitted under Nevada law, Plaintiff's alleged due process violation cannot be traced to Defendants' alleged inactions. The Court further notes that it previously granted Plaintiff the opportunity to amend this claim, yet Plaintiff has filed the same supporting exhibits. *Bradford v. Sisolak*, No. 220CV00871APGBNW, 2021 WL 1969438, at *12 (D. Nev. May 14, 2021). Accordingly, the Court recommends that this claim be dismissed with prejudice because amendment would be futile. *See Hartmann,* 707 F.3d at 1130; *see also Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that "the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend").

**E. Remaining Claims**

Plaintiff's remaining claims center around his contention that all NRS provisions should be invalidated because of Section 9's deficiencies, including it being vague and overbroad. ECF No. 56-1 at 35. He also argues that both Sections 8 and 9 of the Statutes of Nevada violate procedural and substantive due process. *Id*. at 29–34. But the state court has already addressed this line of argument and found that Section 8 cures any alleged deficiencies found in Section 9. *See Bradford v. Williams*, 463 P.3d 482 (Nev. App. 2020). And, as explained earlier with respect to the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to revisit or invalidate a state court decision. *See Exxon Mobil Corp.,* 544 U.S. at 283–84.

Plaintiff further alleges that NRS 220.170(3) violates the Equal Protection Clause. ECF No. 56-1 at 42. He argues that the NRS contain two classes of statutes: (1) those that codify laws

found in the official Statutes of Nevada, and (2) those that do not. *Id*. According to Plaintiff, the rebuttal procedure provided in NRS 220.170(3) allows challenges only to the first class of laws, thus resulting in an arbitrary and capricious enforcement of NRS provisions. *Id*. But as explained in the Court's prior Screening Order (*Bradford*, 2021 WL 1969438, at *6), Plaintiff has not alleged how this classification has resulted in a "concrete, particularized, and actual or imminent" injury. *Clapper v. Amnesty Inter. USA*, 568 U.S. 398, 409 (2013).

Accordingly, the Court recommends that Plaintiff's remaining claims be dismissed with prejudice because amendment would be futile. *See Hartmann,* 707 F.3d at 1130; *see also Gonzalez*, 759 F.3d at 1116.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff Julius Bradford's claim against Defendants Aaron Ford, Steve Sisolak, Steve Wolfson, Clark County, and the Clark County Board of Commissioners. regarding his (in)ability to challenge NRS 193.190, 193.200, and 195.020 be DISMISSED without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a Third Amended Complaint, he must do so by **April 7, 2023**. He is advised that the Third Amended Complaint supersedes all prior complaints and, thus, must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). He is further advised that failure to meet this deadline may result in a recommendation to the District Judge that this case be dismissed.

**IT IS RECOMMENDED** that Plaintiff's access to the courts and due process claim against Defendant Steve Wolfson be DISMISSED with prejudice because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's municipal liability claim against Defendants Clark County and the Clark County Board of Commissioners be DISMISSED with prejudice because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's right to petition the government for redress and due process claim against Defendants Rick Combs, Brenda Erdoes, Aaron Ford, and Steve Sisolak be DISMISSED with prejudice because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim that Sections 8 and 9 of the Statutes of Nevada violate procedural and substantive due process be DISMISSED with prejudice because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim that Section 9 of the Statutes of Nevada is vague and overbroad be DISMISSED with prejudice because amendment would be futile.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim that NRS 220.170(3) violates the Equal Protection Clause be DISMISSED with prejudice because amendment would be futile.

## IV.   Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 7, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE