UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIUS BRADFORD,<br>                           Plaintiff,<br>v.<br>STEVE SISOLAK, *et al*.,<br>                           Defendants. | Case No. 2:20-cv-00871-ART-BNW<br><br>ORDER |

*Pro se* Plaintiff Julius Bradford ("Bradford") has moved for leave to file a Second Amended Complaint (SAC) suing former Governor Steve Sisolak, Attorney General Aaron Ford, and Director of the Legislative Counsel Bureau Brenda Erdoes in their individual and official capacities. He also seeks to sue Former Director of the Legislative Counsel Bureau Rick Combs in his individual capacity and District Attorney Steve Wolfson in his official capacity as well as Clark County and the Clark County Board of Commissioners. (ECF No. 56.) United States Magistrate Judge Weksler has screened the SAC under 28 U.S.C. § 1915A(a) because Plaintiff is an incarcerated individual seeking redress from a governmental entity. 28 U.S.C. § 1915A(a).

Before the Court is the Screening Order and Report and Recommendation ("R&R" or "Recommendation") of Judge Weksler (ECF No. 59), screening Plaintiff's SAC and ordering that Bradford's claim regarding his (in)ability to challenge NRS 193.190, 193.200, and 195.020 be dismissed without prejudice and with leave to amend and ordering that if Plaintiff chooses to file a Third Amended Complaint, he must do so by April 7, 2023. The R&R recommends that Plaintiff's remaining claims be dismissed with prejudice because amendment would be futile. For the reasons set forth below, the Court adopts the R&R.

## I. Discussion

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### A. Claim 1: Access to Courts and Due Process[1]

Plaintiff alleges that he was denied access to the courts and due process when the state court denied his motion to invalidate NRS 200.020 without comparing the provision "against any law found in the official Statutes of Nevada." (ECF No. 56-1 at 6–10.) He asserts that he likely would have prevailed on his motion but for Defendant Wolfson's bad-faith opposition. (*Id.* at 10, 22.) Judge Weksler found that Plaintiff failed to state a claim under any theory and recommends that this claim be dismissed with prejudice because amendment would be futile. Plaintiff did not object and the Court is satisfied that Judge Weksler did not clearly err, the Court adopts the R&R with respect to this claim.

### B. Claim 2: Municipal Liability

Plaintiff alleges that Clark County and the Clark County Board of Commissioners know that certain NRS provisions and terms are invalid, yet the entities, through custom or policy, improperly instruct county officers and

---

[1] The Court uses the numbering system in the R&R to refer to Plaintiff's claims because he sometimes repeats the claims and includes more than one claim under each count.

employees to use the NRS and Section 9 of the Statutes of Nevada to oppose challenges to the NRS' validity. (ECF No. 56-1 at 10.) Judge Weksler found that because Plaintiff has not stated a claim giving rise to a constitutional violation, there can be no municipal liability. Judge Weksler recommends that this claim be dismissed with prejudice because amendment would be futile. Plaintiff did not object and the Court is satisfied that Judge Weksler did not clearly err, the Court adopts the R&R with respect to this claim.

### C. Claim 3: Ability to Challenge NRS 193.190, 193.200, and 195.020

Plaintiff alleges that he has been precluded from challenging the validity of other NRS provisions—NRS 193.190, 193.200, and 195.020—because of the alleged actions by Defendants Ford, Sisolak, Wolfson, Clark County, and the Clark County Board of Commissioners. (ECF No. 56-1 at 11–12, 26.) Although Plaintiff has not specified a particular legal theory, it appears that he is arguing an unconstitutional chilling effect and denial of access to the courts.

The R&R found Bradford's alleged constitutional violations too speculative. It also found that this issue may not be ripe for consideration because Plaintiff alleges that despite his fear of frustrating the trial court, he plans to nonetheless challenge NRS 195.020 before his two state court cases proceed to trial. Judge Weksler could not conclude, however, that it would necessarily be futile to allow Plaintiff to amend this claim but cautioned Plaintiff that a third amended complaint must allege with specificity what legal theory he is moving under and each Defendant's role. The R&R further advises Plaintiff that to the extent he is seeking this Court to declare Section 9 of the Statutes of Nevada invalid, the Court cannot do so. Plaintiff did not object and the Court is satisfied that Judge Weksler did not clearly err, the Court adopts the R&R with respect to this claim.

### D. Claim 4: Right to Petition for Redress and Due Process

Plaintiff next alleges that Defendants Rick Combs, Brenda Erdoes,

Aaron Ford, and Steve Sisolak "discarded" the tort claim he filed in 2019 where he asserted that the NRS contains provisions of law not found in the Statutes of Nevada. (ECF No. 56-1 at 18.) In short, Plaintiff alleges Defendants' actions have deprived him of his right to petition the government for redress and due process of law. (*Id.* at 13, 19–20.) Thus, because the tort claims were not properly submitted under Nevada law, Plaintiff's alleged due process violation cannot be traced to Defendants' alleged inactions. The R&R further notes that it previously granted Plaintiff the opportunity to amend this claim, yet Plaintiff has filed the same supporting exhibits. Thus, the R&R recommends that this claim be dismissed with prejudice because amendment would be futile. Plaintiff did not object and the Court is satisfied that Judge Weksler did not clearly err, the Court adopts the R&R with respect to this claim.

### E. Remaining Claims

Plaintiff's remaining claims center around his contention that all NRS provisions should be invalidated because of Section 9's deficiencies, including it being vague and overbroad. (ECF No. 56-1 at 35.) He also argues that both Sections 8 and 9 of the Statutes of Nevada violate procedural and substantive due process. (*Id.* at 29–34.) But the state court has already addressed this line of argument and the Court lacks jurisdiction to revisit or invalidate that decision.

Plaintiff further alleges that NRS 220.170(3) violates the Equal Protection Clause. ECF No. 56-1 at 42. The R&R recommends dismissal with prejudice because Plaintiff did not allege an injury and amendment would be futile. Plaintiff did not object and the Court is satisfied that Judge Weksler did not clearly err, the Court adopts the R&R with respect to the remaining claims.

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's Report and Recommendation (ECF No. 59) is accepted and adopted in full;

1    IT IS FURTHER ORDERED that Plaintiff's motion for leave to file a second amended complaint (ECF No. 56) is GRANTED. The Clerk of the Court is kindly directed to file Plaintiff's attached proposed complaint (56-1) as the Second Amended Complaint;

IT IS FURTHER ORDERED that Claim 3 of Plaintiff's Second Amended Complaint is dismissed without prejudice and with leave to amend consistent with this Order and the Report and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's remaining claims are dismissed with prejudice consistent with this Order and the Report and Recommendation.

IT IS FURTHER ORDERED if Plaintiff chooses to file a Third Amended Complaint, he must do so by April 7, 2023. Failure to meet this deadline may result in dismissal of this case;

DATED THIS 31ST Day of March 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE